| | |
|---|---|
| BANK OF AMERICA, N.A., *Successor by Merger to BAC HOME LOAN SERVICING, LP Formerly Known As Countrywide Home Loans Servicing, LP;* FEDERAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE GROVE HOMEOWNERS ASSOCIATION; SANDOR FEHER,<br><br>Defendants. | Case No. 2:16-cv-02939-RFB-BNW<br><br>**ORDER** |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

## I. INTRODUCTION

Before the Court are Plaintiff Federal National Mortgage Association's ("Fannie Mae"), Motion for Summary Judgment and Plaintiff Bank of America N.A.'s ("BANA") identical motions for summary judgment. ECF Nos. 31, 32. For the following reasons, the Court grants the motions.

## II. PROCEDURAL BACKGROUND

Plaintiffs BANA and Fannie Mae (collectively "Plaintiffs") filed a complaint against Defendants on December 19, 2016. ECF No. 1. In the complaint, Plaintiffs sought declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish a deed of trust held on a Las Vegas property. Defendant The Grove Homeowners Association (the "HOA") answered the complaint on December 29, 2016.

ECF No. 7. On April 27, 2017, the Court granted a stipulation staying the case pending resolution of pertinent Ninth Circuit and Nevada Supreme Court cases. ECF No. 23. Defendant Sandor Feher filed his answer on May 30, 2017. ECF No. 24. The Court lifted the stay on April 10, 2019. ECF No. 28. Plaintiffs filed their motions for summary judgment on May 17, 2019. ECF Nos. 31, 32.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 3964 Pembridge Court, Las Vegas, Nevada 89121. The property sits in a community governed by the HOA. The HOA requires the community members to pay community dues.

Nonparty Dean Chiarelli borrowed funds from Colonial Bank, N.A. to purchase the property in February 2007. To obtain the loan, Chiarelli executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Chiarelli as the borrower and Colonial Bank, N.A. as the lender, was recorded on February 23, 2007. On October 9, 2010, MERS as nominee for Lender and Lender's successors and assignees, recorded an assignment of the Deed of Trust to BAC Home Loans Servicing LP. BAC Home Loan Servicing LP later merged with BANA.

Chiarelli failed to pay the required HOA dues. From July 2011 through October 2012, the HOA recorded a notice of delinquent assessment lien concerning past-due assessments, followed by a subsequently recorded notice of default and election to sell and then a notice of trustee's sale. On or about February 14, 2013, a Trustee's Deed Upon Sale was recorded, showing that Defendant

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

Sandor Feher purchased the property for $8,000 at the HOA foreclosure sale held on January 30, 2013.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in April 2007. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure sale. BANA serviced the note on behalf of Fannie Mae, at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the

Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The parties dispute the legal effect of the circumstances.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.

2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.   DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court declines to make any findings of fact or to otherwise address arguments regarding tender.

acquired in 2002.

Defendant Sandor Feher argues that as a pro se defendant and upstanding citizen he should not lose title to the property, which is his principal residence. First, the Court notes that a finding that Fannie Mae's deed of trust remains encumbered on the property does not eliminate Mr. Feher's title interest in the property. For now, the significance is that Mr. Feher acquired the property subject to the deed of trust and that Fannie Mae maintains the power to foreclose on that deed of trust if the loan which the deed of trust secures remains in default.

The Court next construes Mr. Feher's second argument to be that his status as a bona fide purchaser prevents him from having acquired the property subject to a deed of trust. However, as this Court has previously found, even if Mr. Feher met the criteria to be a subsequent purchaser, the Federal Foreclosure Bar would preempt state law on the matter. See Saticoy Bay LLC Series 452 Crocus Hill v. Green Tree Servicing LLC, No. 2:15-cv-00977-RFB-CWH, 2019 WL2425669, at * 5 (D. Nev. June 10, 2019).

Finally, the Court addresses the sufficiency of the evidence Fannie Mae submitted to establish its interest. To support their motion for summary judgment, Plaintiffs attach printouts from Fannie Mae's electronic database. The printouts are accompanied by a declaration of Graham Babin, Fannie Mae's Assistant Vice President. Babin translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that demonstrate that BANA has serviced for the loan for the entirety of the period that Fannie Mae has owned the loan.

The Ninth Circuit has allowed FHFA and the federal enterprises, such as Fannie Mae, to

prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has also allowed a federal enterprise under the Agency's conservatorship to prove its property interest with materially identical evidence. See Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019) (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and BANA, as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2007—prior to the foreclosure sale—and owned it at the time of the foreclosure sale. Plaintiffs have therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all other claims and counterclaims as a result.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiff Fannie Mae's Motion for Summary Judgment (ECF No. 31) and Plaintiff BANA's Motion for Summary Judgment (ECF No. 32) are granted. The Court declares that Defendant Sandor Feher acquired the Property subject to Fannie Mae's deed of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of BANA on its quiet title claim.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 4), is expunged.

**IT IS FURTHER ORDERED** that the Clerk of Court close this case.

DATED: February 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**